**Roberto Power BENTHIEM, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 269-70.**

United States District Court,
D. Puerto Rico.

July 22, 1970.

Roberto Power Benthiem, pro se.

Jose A. Quiles, Asst. U. S. Atty., San Juan, P. R., for respondent.

### ORDER

CANCIO, Chief Judge.

This petitioner was sentenced to a prison term on September 11, 1967. At the time of his sentencing, the 1966 amendments to Federal Rule of Criminal Procedure 32(a) (2) were in effect. These amendments require the sentencing judge to advise the defendant of his right to appeal in a case which has gone to trial on a plea of not guilty. However, the transcript of the proceedings at petitioner's sentencing reveals the fact that he was not then so advised. It is because of this that petitioner is requesting us to vacate his sentence.

■■ There is much evidence in the record that the petitioner did in fact know of his right to appeal when he was sentenced. Thus, the question is whether Rule 32(a) (2) requires the sentence to be vacated even though the petitioner in fact knew of his right to appeal. In order to answer this, we must inquire into the purpose of the Rule.

Before 1966, the corresponding provision was in Rule 37, relating to appeals. It provided that a defendant should be advised of his right to appeal if he was not represented by counsel at the time of his sentencing. When this provision was moved to Rule 32 (Sentence and Judgment), the requirement was broadened to include all defendants, whether or not represented by counsel. The reason for this is, according to the 1966 Committee Note to Rule 32, that "situations arise in which a defendant represented by counsel at the trial is not adequately advised by such counsel of his right to appeal." Thus, we see that the

purpose of the Rule is to assure that a defendant is aware of his right to appeal.

Moreover, Moore comments as follows:

Many defendants did not become aware of the right to appeal until after expiration of the ten-day period. To ameliorate *this hardship* a 1966 amendment to Rule 32 requires the court at the time of sentence to advise all defendants convicted after trial of their right to appeal. * * * (Moore's *Federal Practice,* Vol. 8A, p. 32–63, emphasis added.)

We conclude that the purpose of the amended Rule 32 is to assure that the defendant knows of his right to appeal, and that this purpose is met if the defendant did in fact know, at the time of his sentencing, that he had this right.

In view of the foregoing, the motion is denied.

It is so ordered.